# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MARTINEZ,<br><br>      Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | Case No. 1:12-cv-01101-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |

Petitioner Young Cho ("Counsel"), attorney for Plaintiff Jeffrey Martinez ("Plaintiff"), filed the instant motion for attorney fees on March 26, 2015. Counsel requests fees in the amount of $6,800.00 pursuant to 42 U.S.C. § 406(b)(1). Plaintiff has not objected to the request.

## I.

## BACKGROUND

On July 6, 2012, Plaintiff filed this action challenging the denial of Social Security benefits. On July 29, 2013, the Court granted in part and remanded the action for further proceedings. On October 29, 2013, the Court granted the parties' stipulation and ordered payment of $4.500.00 in attorney fees and $60.00 in costs pursuant to the EAJA.

On October 21, 2014, the Commissioner issued a decision granting Plaintiff's application for benefits. Plaintiff received $48,518.00 in retroactive benefits. (Declaration of Young Cho, ¶

1

4, attached to Motion, ECF No. 24.)  The Commissioner withheld $12,129.50 from the past-due benefit for attorney fees.  This amount equals 25 percent of the retroactive benefit award.  (Notice of Award, attached to Motion, ECF No. 24-3.)

In the instant motion, Petitioner seeks $11,300.00[1] for 21.5 hours of attorney time and 4.3 hours of paralegal time.  After crediting $4,500.00 received previously pursuant to the EAJA, Counsel requests a net fee of $6,800.00 from the past-due award.

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  The payment of such award comes directly from the claimant's benefits.  42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009).  Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable.  Crawford, 586 F.3d at 1148.  The attorney has the burden of demonstrating that the fees requested are reasonable.  Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved.  Gisbrecht, 535 U.S. at 800.  Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA.

---

[1] Although Petitioner states that he is seeking $6,800.00 in fees, this is the net amount that he is seeking.  Therefore, the Court analyzes the reasonableness of the fee based upon the gross amount of $11,300.00.

28 U.S.C. § 2412. <u>Gisbrecht</u>, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under <u>Gisbrecht</u> in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. <u>Crawford</u>, 586 F.3d at 1151.

## III.

## DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. <u>Gisbrecht</u>, 122 S.Ct. at 1828. Here, the fee agreement between Plaintiff and Petitioner provides for a fee consisting of "25 % of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration." (Fee Agreement, attached to Motion, ECF No. 24-1.) In this action, Plaintiff was awarded substantial disability benefits as the benefits covered the period from October 2009 through March 2015. In determining the reasonableness of the fees requested, the Court is to apply the test mandated by <u>Gisbrecht</u>.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. There is no indication that Counsel was responsible for any substantial delay in the court proceedings. Counsel is requesting slightly less than the 25 percent contingent-fee. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking $11,300.00 which is which is 23.29 percent of the backpay award. The $11,300.00 fee ($6,800.00 net fee after subtracting the previously awarded EAJA fee) is not excessively large in relation to the past-due award of $48,518.00. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. <u>Hearn v.</u>

3

1 | Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

Finally, the Court finds that the requested fees are reasonable when compared to the amount of work Counsel performed in representing Plaintiff in court.  As a result of Petitioner's representation in this action, claimant's appeal was granted and remanded for further proceedings.  The representation resulted in the action being remanded for an award of benefits.  Counsel has also submitted a detailed billing statement which supports his request.  (ECF No. 24-4.)

## VI.
## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable.  Accordingly,

IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $11,300.00 is GRANTED; and
2. Petitioner's award shall be offset by $4,500.00 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:   **May 11, 2015**

UNITED STATES MAGISTRATE JUDGE